**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50187 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:16-cr-00805-RGK-1 |
| RALPH DEON TAYLOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Appellant Ralph Taylor appeals his conviction for being a felon in possession of ammunition and a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Taylor asserts that three statements he made to officers while they searched

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

his apartment should have been suppressed as a result of an un-*Mirandized* custodial interrogation. Specifically, Taylor argues that his statement identifying a jacket as his, his statement implying that ammunition found in the apartment was his, and his statement, "it's all over," when officers found a firearm in what appeared to be his bedroom, should have been suppressed. Despite Taylor's failure to object to the admissibility of the statements in his pretrial Motion in Limine, because the district court explicitly ruled on the admissibility of Taylor's statements, we review *de novo*. *See United States v. Liu*, 941 F.2d 844, 846 (9th Cir. 1991) ("A pretrial motion in limine preserves for appeal the issue of admissibility of that evidence if the substance of the objection has been thoroughly explored during the hearing and the district court's ruling permitting introduction of evidence was explicit and definitive.").

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court established that "when a person is 'in custody,' procedural safeguards must be afforded that person before the person is questioned" to protect their Fifth Amendment privilege against self-incrimination. *United States v. Cazares*, 788 F.3d 956, 980 (9th Cir. 2015). If a

2

person is not given these procedural safeguards,[1] the prosecution may not use what it learned through its custodial interrogation. *Id.* Violations of these procedural safeguards are subject to harmless error analysis. *See United States v. Khan*, 993 F.2d 1368, 1376 (9th Cir. 1993).

The Supreme Court has established that "not . . . all statements obtained by the police after a person has been taken into custody are to be considered the product of interrogation." *Innis*, 446 U.S. at 299. "Volunteered statements of any kind are not barred by the Fifth Amendment" and failure to give *Miranda* warnings does not affect the admissibility of such statements. *Id.* at 300 (quoting *Miranda*, 384 U.S. at 478).

Here, Taylor's third statement, "it's all over," was spontaneous and not the result of police interrogation. Even if we assume that Taylor was in custody for *Miranda* purposes while the officers were in his apartment, the district court did not err in admitting his spontaneous statement. *See id.*

Moreover, the government has carried its burden to prove "beyond a reasonable doubt" that any error in admitting Taylor's other two statements— Taylor's statement identifying a jacket as his and Taylor's statement implying the ammunition was his—was harmless. *See Khan*, 993 F.2d at 1376. The two

---

[1] These "procedural safeguards" now are commonly referred to as *Miranda* warnings. *See Rhode Island v. Innis*, 446 U.S. 291, 297 (1980).

statements arguably given in violation of *Miranda* were not the only evidence to support Taylor's conviction for being a felon in possession of ammunition and a firearm. There was other evidence connecting Taylor to the bedroom where officers eventually discovered the ammunition and firearm. For example, an officer testified that there were photos of Taylor and his girlfriend in the bedroom where the officers discovered the ammunition and firearm. Additionally, another officer testified that he found the ammunition in a file cabinet also containing medical documents with Taylor's name on them. This evidence, in addition to Taylor's statement "it's over," which was spontaneous and properly admitted, was such that any error in admitting Taylor's statements about the jacket and ammunition did not "contribute to the verdict obtained." *See id.*

 **AFFIRMED.**